In re NUCKOLS' ESTATE.
TRUSTEES OF CHURCH OF GOD v.
NUSSBAUM.

No. 32776.    Sept. 23, 1947.

*184 P. 2d 778.*

L. W. Randolph, of Muskogee, for plaintiffs in error.

Vilas V. Vernor, of Muskogee, for defendant in error.

CORN, J.   This is an appeal by defendants from a judgment in an action by petitioner, administrator cum testamentary annexo, of the estate of S. J. Nuckols, deceased, as a bill in equity under the provisions of O. S. Supp. Tit. 18, §564.1 et seq., Title 18, chap. 14, §§1, 2, 3, 4, and 5, S.L. 1943.

S. J. Nuckols was a negro resident of Muskogee, Okla., active in the affairs of a colored church known as the Church of God.   In 1919 he executed his last will and testament, which contained the following as the final bequest:

"4.  I hereby devise and bequeath the remainder and residue of all of my estate, both real and personal, wheresoever located to the trustees and their successors in office of The Church of God located now at the corner of Indianapolis and Eighth Sts., in the City of Muskogee, State of Oklahoma, to be held in trust for the use and benefit of the membership of said church and to be used solely for the purpose of teaching and spreading the gospel of Jesus Christ as known, interpreted and taught by the creed of said Church.   5. I hereby appoint as executor of this, my last will and testament, regardless of sex, the person who at the date of my death shall be the senior trustee of the church hereinbefore named and request his appointment without bond."

October 25, 1943, petitioner (administrator) filed this action alleging in substance that Nuckols died testate in 1926; that one Talbot qualified and acted as executor until about 1931 when he was removed by the county court and surcharged the sum of $2,600 at which time the petitioner was appointed administrator, and that the estate was ready to be closed and petitioner therefore invoked the equitable assistance of the court; that under the will there was real property to be decreed to the church named, but that said church had disbanded and there was no residuary legatee to whom such property could go, there being no such organization in Muskogee.

Further, that the Church of God is a national religious organization with both white and colored churches belonging to the parent organization, and was a going concern within this state; that the church mentioned in the will had disbanded and had neither premises nor congregation at the address mentioned in the will, and in fact there were no colored churches active within the state, but that white branch of the church was active in Muskogee, same being the nearest character of devisees to which this property could go under decree of

the court as being next in line with testator's bequest. The administrator then sought a decree that title to the realty be vested in the trustees of the last-named body.

Answer was filed in behalf of those purporting to be trustees of the Church of God (colored) mentioned in the will, specifically denying that the church had disbanded or had failed to function as a church, and asserting the right to this property under the terms of the will. The cause was tried to the court upon these issues.

Petitioners' evidence fairly established the following fact: The national organization of the Church of God maintains headquarters in Indiana which administers the affairs of the church through the medium of a national board, Board of Church Extension and Home Missions, which supervises all churches, both white and colored. The organization publishes a year book showing all affiliated churches, and recognized no church in Muskogee. The Church of God, described in the will, was founded about 1910, with the assistance of workers from national headquarters. In 1921 the church was affiliated with, and recognized by, the national organization, but thereafter had no regular pastor and the congregation disbanded. The church edifice became dilapidated and about 1928 was torn down by Talbot, who had never been recognized as a minister by the parent church. There was further testimony from a colored member of the national board that, in the event the estate was turned over to the parent church, same would be used for the re-establishment and support of a colored church of this faith in Muskogee.

Defendants' evidence as to the existence of the church was in very sharp conflict with petitioner's evidence. Talbot testified he was affiliated with the Church of God as a minister, and was senior deacon at the time of the testator's death; that the church had never received assistance from the national

organization and had never been a branch of same; that the church was torn down because it had fallen into disrepair and that he had the lumber; that the congregation had not disbanded but had been continuing services by meeting with a Presbyterian church. However, it appeared from the testimony that they did not hold separate services. Defendants presented cumulative testimony to the effect that their church had been in continuous existence and functioning as a church at all times. It was also brought out that Talbot and two other trustees had been "elected" in 1924 and had held office continuously since that time without any elections being held.

After hearing the testimony and argument of counsel, the trial court found the Church of God had been established in 1910 under the auspices of the national organization, and functioned until about 1922 when services were discontinued and the building torn down; that no regular meetings were held thereafter and the church mentioned in the will was defunct. The court further determined that the will provided for this church to be residuary legatee, and that the Church of God formerly existing had been established by, and conducted as, a branch of the national church and that fee-simple title, with right of immediate possession, should be vested in the parent organization; and that all income from the property, less expenses of litigation, should be for the benefit of the colored people of Muskogee, Okla.

Judgment accordingly was rendered in conformity with the trial court's findings: (1) That the decree was an interpretation of the will; (2) that the residuary legatee no longer existed, and in lieu thereof and **to carry out the testator's intentions,** the name of the Board of Church Extensions and Home Missions of the Church of God, Anderson, Ind., was substituted, and the property both real and personal representing the estate should be turned to this organization.

Two grounds for reversal of the judgment are presented: (1) That the judgment is not sustained by the evidence; (2) that the judgment is contrary to law.

Under the first proposition defendants assert the trial court had to determine two things, to wit: (1) whether the Church of God mentioned in the will was defunct, or had ceased to function and to use the property; (2) whether there existed any state-wide religious organization, of the same or similar creed, to which title to the property could be transferred.

The argument that the evidence is insufficient to support a finding in the affirmative upon fact question No. 1 is not persuasive. The salient points upon which the trial court based his findings and conclusions of law have been pointed out. This evidence was sufficient to justify the court's judgment. Citation of authority is unnecessary to support the rule that in cases of equitable cognizance this court will weigh the evidence, but will not reverse the judgment unless clearly against the weight thereof.

Defendants' argument in support of the trial court's findings upon the second fact question is contrary to the record evidence, which conclusively establishes that the Church of God mentioned by the testator was established with the help and under the supervision of the parent organization, and was a part of the organization for some years. The evidence likewise shows that the Board of Church Extension and Home Missions of the Church of God of Anderson, Ind., is a religious organization of the same faith and creed, and we are of the opinion the evidence was sufficient to justify the trial court's finding and judgment that it was a state-wide religious organization within contemplation of the statute under which this action was brought.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur.